## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AIDEN BAE (husband) and )
YOONHA JUNG (wife), )
                         )
          Plaintiff, )
                         )
      v. )
                         )
VIRGINIA TRANSPORTATION, )
CORP, JOSEPH CAMISA, JR., )
JOHN DOES I-X, ABC
CORPORATION I-X XYZ
EMPLOYER I-X,

          Defendants.

Civil Action No.:

**NOTICE OF REMOVAL**
**PURSUANT TO DIVERSITY**
**FEDERAL JURISDICTION:**

**28 U.S.C. § 1332.**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, Defendants, Virginia Transportation, Corp. ("VTC") and its employee driver operating in the scope of his employment at all relevant times, Joseph Camisa ("Camisa") ("VTC" and "Camisaa" collectively referred to herein at times as "Defendants") hereby give notice of the removal of this cause of action to the United States District Court for the District of New Jersey. Defendants state the following as grounds for removal.

### BACKGROUND

1.        On or about February 3, 2020, Plaintiffs filed a First Amended Complaint in the Superior Court of New Jersey, Law Division, Hudson County styled *Bae and Jung v. Virginia Transportation, et. al.* The First Amended Complaint was issued Docket No.: HUD-L-426-20 See Exhibit "A," attached hereto, First Amended Complaint, Notice to Take Oral Depositions, Demand for Answers to Interrogatories, First Demand for Supplemental

Interrogatories, Demand for Discovery of Insurance Coverage, Plaintiff's Statement of Damages, Demand for Production of Documents and Notice of Track Assignment.

2.      The First Amended Complaint was served on VTC on February 11, 2020 and on Camisa on February 7, 2020.  Thus, the first notice of this lawsuit was on February 7, 2020. See Exhibit "B," attached hereto, Affidavits of Service.

3.      Before the First Amended Complaint was filed on February 3, 2020 and before the First Amended Complaint was served on February 7, 2020 and on February 11, 2020, the Plaintiffs filed a Complaint on January 29, 2020 but that Complaint was not served and instead was superseded by the February 3, 2020 First Amended Complaint.  See Exhibit "C," attached hereto, prior unserved Complaint.

4.      The First Amended Complaint generally alleges damages from a motor vehicle accident occurring on July 1, 2019 and that Camisa was acting at all relevant times as the "agent, servant and/or employee" of VTC, that he was in the "course of his employment" of VTC, that he operated a VTC owned tractor trailer which is alleged to have impacted Plaintiff's vehicle and that VTC is liable under theories of "Respondeat Superior."   See Exhibit "A," attached hereto, First Amended Complaint, First Count, paragraph 2 and Second Count, paragraphs 2, 3 and 4.

## THE AMOUNT IN DISPUTE IS OVER $75,000.00

5.      Plaintiffs filed a Statement of Damages claiming $1,000,000.00 in damages. See Exhibit "A," attached hereto, Statement of Damages attached to First Amended Complaint.

## THE PARTIES ARE OF DIVERSE CITIZENSHIP

6.      Plaintiffs allege they are residents of the State of New Jersey, County of Bergen, Borough of Fort Lee.   See Exhibit "A," attached hereto, First Amended Complaint, introductory paragraph.

7.      The Amended Complaint does not allege citizenship of the Defendants. Nevertheless, Defendant VTC is a foreign limited liability company.  Defendant VTC is a Rhode Island Corporation which has its principal place of business located in the State of Rhode Island. The First Amended Complaint generally alleges Camisa was acting at all relevant times as the "agent, servant and/or employee" of VTC, that he was in the "course of his employment" of VTC, that he operated a VTC owned tractor trailer which is alleged to have impacted Plaintiff's vehicle and that VTC is liable under theories of "Respondeat Superior." See Exhibit "A," attached hereto, First Amended Complaint, First Count, paragraph 2 and Second Count, paragraphs 2, 3 and 4.  Camisa was served with the Amended Complaint in New Jersey.   See Exhibit "A," attached hereto.

8.      Because Plaintiff only sued VTC and joined Camisa as the "agent, servant and/or employee" of VTC acting in the "course of his employment" of VTC and alleged that VTC is liable under theories of "Respondeat Superior" for Camisa, the presence of Camisa in the case by the Plaintiffs does not destroy diversity.  Thus, on the face of Plaintiffs' Complaint, Camisa is not alleged to be independently liable to the Plaintiffs.  See e.g., Baeza v. Tibbetts, 2006 U.S. Dist. LEXIS 95317 (D.N.J. 2006) and McDaniel v. Loya, 304 F.R.D. 617 (D. N.M. 2015).  Both of those cases analyzed the "sham" joinder doctrine.  The sole party Plaintiff alleges could be liable is VTC, which is a Rhode Island corporate entity with a Rhode Island principal place of business.  Plaintiffs are alleged to be citizens of New Jersey.

## **PROPRIETY OF REMOVAL**

9.      Pursuant to 28 U.S.C. § 1332, Federal Courts have original jurisdiction over cases and controversies, such as the instant matter, wherein the amount in dispute exceeds $75,000.00 and the parties are of diverse citizenship.

10.      Accordingly, this Honorable Court has Federal Subject Matter Jurisdiction on the basis of Diversity pursuant to 28 U.S.C. § 1332.

11.      This Notice of Removal is timely filed because it is filed within thirty (30) days of service of Plaintiffs' First Amended Complaint.  Plaintiffs did not serve the originally filed Complaint and instead only served the First Amended Complaint.  See Exhibit "A."

12.      This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

13.      This matter is subject to removal pursuant to 28 U.S.C. § 1441.

14.      Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibits "A," "B" and "C," which comprise a copy of the record in State Court.

15.      Pursuant to 28 U.S.C. § 1446(a) and (d), Defendants will file a copy of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Hudson County, will provide prompt notice to all parties and will file proof of service of all notices and filings with the Clerk of the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendants remove the above-captioned action from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey

Dated:  Woodcliff Lake, NJ
        March 4, 2020

Respectfully submitted,

S/ William D. Bierman
William D. Bierman, Esq.

S/ Thomas C. Martin
Thomas C. Martin, Esq.

tmartin@pricemeese.com
**PRICE, MEESE,**
**SHULMAN & D'ARMINIO, P.C.**
50 Tice Boulevard, Suite 380
Woodcliff Lake, New Jersey 07677
(T) 201-391-3737 : (F) 201-391-9360
Attorneys for Defendants, Virginia
Transportation, Corp. and Joseph Camisa

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been filed and served via CM/ECF and/or via United States mail, postage prepaid, as applicable, this 4th day of March, 2020, upon:

Maggiano, DiGirolamo & Lizzi, P.C.
201 Columbia Avenue
Fort Lee, New Jersey 07024
Attention: Eunmi Hwang, Esq.
Attorneys for Plaintiffs

Clerk
Superior Court of New Jersey
Law Division
Hudson County
595 Newark Avenue
Jersey City, New Jersey 07306

S/ Thomas C. Martin

Thomas C. Martin, Esq.

Dated:  Woodcliff Lake, NJ
           March 4, 2020

# EXHIBIT

# A

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
**EUNMI HWANG, ESQ.**
**Attorney ID No.: 248172017**
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiff(s)*
AIDEN BAE AND YOONHA JUNG

|  |  |
|---|---|
| **AIDEN BAE (husband) and YOONHA JUNG (wife)**<br><br>Plaintiff,<br><br>Vs.<br><br>**VIRGINIA TRANSPORTATION, JOSEPH J. CAMISA, JR., JOHN DOES I-X**, (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown)<br><br><br><br>Defendant(s). | **LAW DIVISION: HUDSON COUNTY SUPERIOR COURT OF NEW JERSEY**<br><br>**Docket Number:  HUD-L-426-20**<br><br>***Civil Action***<br><br>**FIRST AMENDED COMPLAINT, JURY DEMAND, NOTICE TO TAKE ORAL DEPOSITIONS, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR CERTIFICATION OF INSURANCE COVERAGE AND CIVIL INFORMATION STATEMENT (CIS)** |

Plaintiff, **AIDEN BAE** and **YOONHA JUNG** residing at 407 North Avenue, in the Borough of Fort Lee, County of Bergen and State of New Jersey, by way of Complaint against the defendants, say:

<u>**FIRST COUNT**</u>

1.      On July 1, 2019, the plaintiff, **AIDEN BAE**, was the driver of a certain motor vehicle traveling southbound on the New Jersey Turnpike Interchange 18W Inside/ Entry near Milepost 113.8 in the town of Secaucus, County of Hudson,  and State of New Jersey.

2.      At the time and place aforesaid, the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** *(said names being fictitious, true names presently unknown)*, **ABC CORPORATION I-X** *(said names being fictitious, true names presently unknown)* and **XYZ EMPLOYER I-X** *(said names being fictitious, true names presently unknown)*, were the owners of a certain motor vehicle, which was being operated with

their permission by the defendant, **JOSEPH J. CAMISA, JR.,** as their agent, servant, and/or employee traveling southbound on the New Jersey Turnpike Interchange 18W Inside/ Entry near Milepost 113.8 in the town of Secaucus, County of Hudson, and State of New Jersey.

3.     Upon information and belief at the time and place aforesaid, the defendant, **JOSEPH J. CAMISA, JR.** so negligently operated his said motor vehicle in that the defendant, **JOSEPH J. CAMISA, JR.,** negligently failed to observe traffic as he carelessly changed lanes from the middle lane to the left lane violently striking the plaintiff's vehicle, causing Plaintiff to suffer and sustain the injuries and other damages hereafter alleged.

4.     As a result of the negligence of the defendant, as hereinabove set forth, the plaintiff was caused to sustain severe and serious injuries to his head, limbs, body and nervous system, which further caused him to suffer severe and excruciating pain, as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature. As a further result of said injuries, the plaintiff was required to expend divers sums of money for medical care and attention, which was administered to him in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and Plaintiff, in the future, will be required to submit to further medical attention. As a further result of said injuries, the plaintiff has been unable to perform his usual daily tasks and activities of daily living, and has been prevented from participating in those activities enjoyed by individuals like-situated in life, all of which has prevented him from enjoying the normal fruits of his existence, both socially and economically, and he was otherwise damaged.

**WHEREFORE,** the plaintiff, **AIDEN BAE,** demands judgment against the defendants, **JOSEPH J. CAMISA, JR., VIRGINIA TRANSPORTATION** and the other fictionally identified defendants, jointly and severally, together with costs, disbursements of suit and interest and such other relief so deemed just by the Court.

## SECOND COUNT

1.      Plaintiffs, **AIDEN BAE and YOONHA JUNG,** repeat, reiterate and re-allege each and every allegation of the First Count as if the same were more fully set forth herein at length

2.      On or about July 1, 2019, and at all times relevant hereto, the defendant, **JOSEPH J. CAMISA, JR.,** was operating said motor vehicle in the service of and in the course of his employment for Defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*).

3.      As a result of the negligence, carelessness and recklessness of the defendant, **JOSEPH J. CAMISA, JR.,** in the operation of the aforesaid motor vehicle while in the course of her employment and in the services of the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), severe and serious injuries and other damages were caused to the plaintiff, **AIDEN BAE.**

4.      As a result of the acts of negligence, carelessness and recklessness of the defendant, **JOSEPH J. CAMISA, JR.,** as stated above, while in the course of his employment, Defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), are liable to the plaintiff, **AIDEN BAE,** for the negligent and reckless acts of its agent, servant and/or employee, Defendant, **JOSEPH J. CAMISA, JR.,** under the doctrine of Respondeat Superior and for all personal injuries sustained as a result of the motor vehicle collision afore described.

5.      As a result of the negligence and carelessness of the defendant(s) as hereinabove set forth, the plaintiff, **AIDEN BAE,** was caused to sustain severe and serious injuries to his head, limbs, body and nervous system, which further caused him to suffer severe and excruciating pain,

as well as extreme mental anguish.  Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the plaintiff, **AIDEN BAE,** was required to expend divers sums of money for medical care and attention, which was administered to him in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and the plaintiff, in the future, will be required to submit to further medical attention.  As a further result of said injuries, the plaintiff, **AIDEN BAE,** has been unable to perform his usual daily tasks and employment, has lost income and has been prevented from participating in those activities enjoyed by individuals like-situated in life, all of which has prevented him from enjoying the normal fruits of his existence, both socially and economically, and he was otherwise damaged.

      **WHEREFORE**, the plaintiff, **AIDEN BAE,** demands judgment against the defendants, **JOSEPH J. CAMISA, JR., VIRGINIA TRANSPORTATION** and other identified defendants, jointly and severally, together with costs, disbursements of suit and interest and such other relief so deemed just by the Court.

<div align="center">

**<u>THIRD COUNT</u>**

</div>

      1.     Plaintiff, **AIDEN BAE and YOONHA JUNG,** repeat, reiterate and reallege each and every allegation set forth in the First and Second Counts of the Complaint as if more fully set forth at length herein.

      2.     On or about July 1, 2019, Defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), were the owners of the aforesaid motor vehicle which they had granted and entrusted the operation of and to Defendant, **JOSEPH J. CAMISA, JR.**.

      3.     At said time and place, the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), knew or should have known that the

defendant, **JOSEPH J. CAMISA, JR.,** had in the past negligently and carelessly operated motor vehicles.

4.     On or about July 1, 2019, the defendant, **JOSEPH J. CAMISA, JR.,** operated the above-described motor vehicle in such a careless, reckless and negligent manner in that he failed to observe traffic as he carelessly changed lanes from the middle lane to the left lane violently striking the rear of the plaintiff, **AIDEN BAE,** causing him to suffer and sustain the injuries and other damages hereafter alleged.

5.     Upon information and belief and at all times hereinafter mentioned, the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), or any of them, through their actions and inactions, negligently enabled Defendant, **JOSEPH J. CAMISA, JR.,** to obtain the use of the said motor vehicle of the defendants and were otherwise negligent in that they knew or reasonably should have known that Defendant, **JOSEPH J. CAMISA, JR.,** was an individual who had repeatedly improperly operated a motor vehicle.

6.     Upon information and belief and at all times hereinafter mentioned, the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), acted with negligence and reckless disregard of the safety of the general public at large, and the plaintiff more particularly, in enabling Defendant, **JOSEPH J. CAMISA, JR.,** to obtain the use of a vehicle, an inherently dangerous instrumentality, without investigating Defendant, **JOSEPH J. CAMISA, JR.'s,** driving record and/or history.

7.     As a direct and proximate result of the negligence, carelessness and reckless disregard of the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), in permitting Defendant, **JOSEPH J. CAMISA, JR.,**

to possess and operate said motor vehicle in the negligent manner described above, the plaintiff, **AIDEN BAE**, was caused to sustain severe and serious injuries to his head, hands, limbs, body and nervous system, which further caused him to suffer severe and excruciating pain, as well as extreme mental anguish.  Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the plaintiff, **AIDEN BAE,** was required to expend divers sums of money for medical care and attention, which was administered to him in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and the plaintiff, in the future, will be required to submit to further medical attention.  As a further result of said injuries, the plaintiff, **AIDEN BAE,** has been unable to perform his usual daily tasks and employment, has lost income, and has been prevented from participating in those activities enjoyed by individuals like-situated in life, all of which has prevented him from enjoying the normal fruits of his existence, both socially and economically, and he was otherwise damaged.

   **WHEREFORE**, the plaintiff, **AIDEN BAE,** demands judgment against the defendants, **JOSEPH J. CAMISA, JR., VIRGINIA TRANSPORTATION, ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown)*, jointly and severally, together with costs, disbursements of suit and interest and such other relief so deemed just by the Court.

## FOURTH COUNT

   1.     Plaintiff, **YOONHA JUNG,** repeats, reiterates and realleges each and every allegation set forth in the First, Second and Third Counts of this complaint as if same were more fully set forth at length herein.

   2.     At all times herein above stated, the plaintiff, **YOONHA JUNG**, was the lawfully wedded wife of the plaintiff, **AIDEN BAE**, and as such was entitled to her services, love, affection and consortium.

3.     As a result of defendant's negligence, Plaintiff, **YOONHA JUNG**, has and will in the future be deprived of services, love, affection and consortium of the plaintiff, **AIDEN BAE.**

**WHEREFORE,** the plaintiff, **YOONHA JUNG**, demands judgment against the defendants, **JOSEPH J. CAMISA, JR., VIRGINIA TRANSPORTATION, ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), jointly and severally, together with costs, disbursements of suit and interest and such other relief so deemed just by the Court.

## JURY DEMAND

Pursuant to R. 1:8-2(b), Plaintiffs hereby demands a Trial by Jury on all the issues raised in the within Pleadings.

<div align="right">

**MAGGIANO, DIGIROLAMO & LIZZI P.C.**
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

</div>

Dated:  February 3, 2020

<div align="right">

BY: EUNMI HWANG, ESQ.

</div>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4 **EUNMI HWANG** is designated as trial counsel.

<div align="right">

**MAGGIANO, DIGIROLAMO & LIZZI P.C.**
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

</div>

Dated:  February 3, 2020

<div align="right">

BY: EUNMI HWANG, ESQ.

</div>

## NOTICE TO TAKE ORAL DEPOSITIONS

**PLEASE TAKE NOTICE** that in accordance with Rules of Civil Practice and Procedure, the testimony of the defendant, **JOSEPH J. CAMISA, JR.,** and/or person(s) having relevant knowledge in signing answers to interrogatories on behalf of the defendant, will be taken by deposition upon oral examination before a person selected by Plaintiff authorized by the laws of the State of New Jersey to administer oaths on **June 5, 2020,** at **10:00 a.m.** at the offices of **MAGGIANO, DIGIROLAMO & LIZZI,** 201 Columbia Avenue, Fort Lee, New Jersey 07024, with respect to all matters relevant to the subject matter involved in this action.

> **MAGGIANO, DIGIROLAMO & LIZZI P.C.**
> *Attorneys for Plaintiff(s)*
> **AIDEN BAE and YOONHA JUNG**

Dated:  February 3, 2020

> BY: _____
> EUNMI HWANG, ESQ.

## NOTICE TO TAKE ORAL DEPOSITIONS

**PLEASE TAKE NOTICE** that in accordance with Rules of Civil Practice and Procedure, the testimony of the defendant, **VIRGINIA TRANSPORTATION** ,and/or person(s) having relevant knowledge in signing answers to interrogatories on behalf of the defendant, will be taken by deposition upon oral examination before a person selected by Plaintiff authorized by the laws of the State of New Jersey to administer oaths on **June 5, 2020**, at **10:00 a.m.** at the offices of **MAGGIANO, DIGIROLAMO & LIZZI,** 201 Columbia Avenue, Fort Lee, New Jersey 07024, with respect to all matters relevant to the subject matter involved in this action.

> **MAGGIANO, DIGIROLAMO & LIZZI P.C.**
> *Attorneys for Plaintiff(s)*
> **AIDEN BAE and YOONHA JUNG**

Dated:  February 3, 2020        BY:

EUNMI HWANG, ESQ.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(2), Plaintiffs hereby demand that, in lieu of service of interrogatories, Defendant, each provide answers to the uniform interrogatories set forth in Form C and C(1) of Appendix II. Pursuant to R.4:17-4(b), Defendant shall serve answers upon Plaintiff within sixty (60) days from the date of receipt of this Demand.

Pursuant to R. 4:17-1(b)(1), Plaintiff reserves the right to propound supplemental interrogatories.

<div style="margin-left:40%">

**MAGGIANO, DIGIROLAMO & LIZZI P.C.**
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

BY: _____
    EUNMI HWANG, ESQ.

</div>

Dated: February 3, 2020

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
**EUNMI HWANG, ESQ.**
**Attorney ID No.: 248172017**
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiff(s)*
AIDEN BAE AND YOONHA JUNG

| | |
|---|---|
| **AIDEN BAE (husband) and YOONHA JUNG (wife)** <br><br> Plaintiff, <br><br> Vs. <br><br> **VIRGINIA TRANSPORTATION, JOSEPH J. CAMISA, JR., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown) <br><br> Defendant(s). | **LAW DIVISION: HUDSON COUNTY SUPERIOR COURT OF NEW JERSEY** <br><br> **Docket Number:  HUD-L-426-20** <br><br> *Civil Action* <br><br> **PLAINTIFFS' FIRST DEMAND FOR SUPPLEMENTAL INTERROGATORIES TO DEFENDANT JOSEPH J. CAMISA, JR.** |

**PURSUANT** to Rule 4:17-1(b)(1), Plaintiffs hereby demands Defendant, **JOSEPH J. CAMISA, JR.** provide answers to the following demand for supplemental interrogatory answers within the time prescribed by the Rules of Court.

    1. Were you in the course of employment at the time of the collision complained of in Plaintiff's complaint.

    2. If so state the name and address of your employer for whom you were working at the time of the collision complained of.

    3. Please state that exact location and place from where you had come from in your motor vehicle and where you were intending to go.

    4. State the purpose of your trip.

    5. State the name of your cell phone provider for each cell phone owned by you or under your control and possession at the time of the collision complained of July 1, 2019.

6.  For each such cell phone you owned, used or controlled at the time of the collision complained of, please state the cell phone number assigned to each phone of the date of the collision.

7. Please provide the primary account holder for each cellular phone above identified.

8. Please state if you were using your cell phone at the time of the collision complained of either for texting or on a call.

9. Please provide all data showing you cell phone usage for the evening of July 1, 2019.

10. At the time of the subject collision did you have a cell phone on your person or in the motor vehicle.

<div style="text-align: right">

**MAGGIANO, DIGIROLAMO & LIZZI P.C.**
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

</div>

Dated:  February 3, 2020        BY:

EUNMI HWANG, ESQ.

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____,2020      BY: _____

                                                  **JOSEPH J. CAMISA, JR.**

## CERTIFICATION

I hereby certify that the above insurance information given by me is true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under law.

Dated: _____, 2020

_____

**VIRGINIA TRANSPORTATION**

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that the defendant, **JOSEPH J. CAMISA, JR,** disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

This request applies also to information regarding excess, umbrella or other supplemental insurance policies available to each defendant.

As to each policy available whether primary, excess, umbrella or otherwise supplemental coverage, please provide the following information under oath or certification, in the space provided: (If additional space is required, kindly attach a rider to this demand) (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied.

MAGGIANO, DIGIROLAMO & LIZZI P.C.
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

Dated: February 3, 2020

BY:
EUNMI HWANG, ESQ.

## CERTIFICATION

I hereby certify that the above insurance information given by me is true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under law.

Dated: _____, 2020            _____

                                              **JOSEPH J. CAMISA, JR.**

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that the defendant, **VIRGINIA TRANSPORTATION,** disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

This request applies also to information regarding excess, umbrella or other supplemental insurance policies available to each defendant.

As to each policy available whether primary, excess, umbrella or otherwise supplemental coverage, please provide the following information under oath or certification, in the space provided: (If additional space is required, kindly attach a rider to this demand) (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied.

> **MAGGIANO, DIGIROLAMO & LIZZI P.C.**
> *Attorneys for Plaintiff(s)*
> **AIDEN BAE and YOONHA JUNG**
>
> BY:
> **EUNMI HWANG, ESQ.**

Dated:  February 3, 2020

## CERTIFICATION

I hereby certify that the above insurance information given by me is true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under law.

Dated: _____, 2020

_____
**VIRGINIA TRANSPORTATION**

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
**EUNMI HWANG, ESQ.**
**Attorney ID No.: 248172017**
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiff(s)*
AIDEN BAE AND YOONHA JUNG

| | |
|---|---|
| **AIDEN BAE (husband) and YOONHA JUNG (wife)**<br><br>                    Plaintiff,<br><br>Vs.<br><br>**VIRGINIA TRANSPORTATION, JOSEPH J. CAMISA, JR., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently  unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown)<br><br><br>                    Defendant(s). | **LAW DIVISION: HUDSON COUNTY SUPERIOR COURT OF NEW JERSEY**<br><br>**Docket Number:  HUD-L-426-20**<br><br>*Civil Action*<br><br>**PLAINTIFF'S STATEMENT OF DAMAGES** |

Pursuant to <u>Rule</u> 4:5-2, the following is the amount of damages claimed in the above entitled action.

$1,000,000.00

                    **MAGGIANO, DIGIROLAMO & LIZZI P.C.**
                    *Attorneys for Plaintiff(s)*
                    **AIDEN BAE and YOONHA JUNG**

Dated:  February 3, 2020

                    BY: _____
                         EUNMI HWANG, ESQ.

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
**EUNMI HWANG, ESQ.**
**Attorney ID No.: 248172017**
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiff(s)*
AIDEN BAE AND YOONHA JUNG

| | |
|---|---|
| **AIDEN BAE (husband) and YOONHA JUNG (wife)** <br><br> Plaintiff, <br><br> Vs. <br><br> **VIRGINIA TRANSPORTATION, JOSEPH J. CAMISA, JR., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown) <br><br> Defendant(s). | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY** <br><br> **DOCKET NO.:  HUD-L-426-20** <br><br> *Civil Action* <br><br> **DEMAND FOR PRODUCTION OF DOCUMENTS** |

PLEASE TAKE NOTICE that in accordance with the R. 4:18-1 of the Rules Governing the Courts of the State of New Jersey, Plaintiff, **AIDEN BAE,** hereby requests that Defendant, **JOSEPH J. CAMISA,** produce within thirty (30) days of receipt hereof, copies of the documents described herein and deliver same to the offices of Maggiano, DiGirolamo & Lizzi, P.C., 201 Columbia Avenue, Fort Lee, NJ 07024.

## DEFINITIONS AND INSTRUCTIONS

A.      These requests are intended to be continuing and you are instructed to make prompt, further and supplemental production whenever an additional document is discovered responsive hereto.

B.      If any document called for by these requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery, set forth the ground or grounds for withholding such document, its present location and custodian and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety of the withholding, including but not limited to the type of documents, its date, author(s), addressee(s), if different its recipient(s), and its general subject matter.

C.      Documents produced in response to these requests shall be produced in such a manner so as to identify the specific request to which they relate.

D.      As used herein, the term "document" means, by way of illustration and not by way of limitation, the following items, whether printed or records or reproduced by any other mechanical process, written produced by hand, produced or stored in a computer, regardless of origin or location:  books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, licenses, books of account, orders invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analysis, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind or any other and all other data compilations from which information can be obtained and translated if necessary.

E.      As used herein, the term, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

F.      As used herein, any term in the singular shall be deemed to include the plural where appropriate and vice versa.

G.      As used herein, all terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include the response any document that might be deemed nonresponsive by any other construction.

H.      As used herein, "communication" means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, interview, conference, meeting or telephone conversation.

## DOCUMENTS TO BE PRODUCED:

### Trucking Company Defendant, Virginia Transportation

1.      Copies of any and all Record of Duty Status/Drivers Logs for the date of the accident, the six (6) months before the subject accident, and the two (2) weeks after the subject accident.

2.      Copies of any and all Bills of Lading for the date of the accident, six (6) months prior to the subject accident, and the two (2) weeks after the subject accident.

3.      Copies of any and all trip records for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

4.      Copies of any and all loading and unloading records for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

5.      Copies of any and all detention records for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

6.      Copies of any and all freight bills for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

7.      Copies of any and all written instructions for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

8.      Copies of any and all dispatch records, written or electronic, for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

9.      Copies of any and all gas receipts for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

10.     Copies of any and all trip expenses, including but not limited to toll receipts, hotel or motel receipts, food receipts, maintenance and repair receipts, for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

11.     Copies of any and all cell phone records for all cell phones owned and/or used by the defendant commercial truck driver for the date of the accident, the two (2) weeks before the subject accident, and the two weeks (2) after the subject accident.

12.     Copies of any and all electronic communications between the defendant commercial truck driver and the defendant truck owner sent electronically through a Qualcom, Comdata, or similar electronic log system for the date of the accident, the two (2) weeks before the subject accident, and the two weeks (2) after the subject accident.

13.     Pursuant to **Part 396 of the Federal Motor Carrier Safety Regulations (FMCSRs)**, copies of any and all inspection records for the subject tractor-trailer and/or commercial vehicle for a period commencing six (6) months prior to the date of the accident, up to and including one month after the subject accident.

14.     Copies of any and all maintenance records for the subject tractor-trailer and/or commercial vehicle for a period commencing one year prior to the date of the accident, up to and including six (6) months after the subject accident.

15.     Copies of any and all repair records for the subject tractor-trailer and/or commercial vehicle for a period commencing six (6) months prior to the date of the accident, up to and including one (1) month after the subject accident.

16.     Copies of any and all Driver Vehicle Inspection Reports for a period commencing twelve (12) months prior to the date of the accident, up to and including three (3) months after the subject accident.

17.     Copies of any and all commercial driver's licenses held by the defendant truck driver within the past five (5) years.

18.     Pursuant to **FMCSR Part 391.51**, a full and complete copy of the defendant drivers Driver Qualification file.

19.     A Copy of any and all Medical Examination Reports for Commercial Driver Fitness Determination for the defendant driver.

20.     A list of violations or the certificate required by **FMCSR 392.27**, provided by the defendant driver to the defendant trucking company.

21.     Copies of the defendant driver's annual review reports for the years within the last five (5) years.

22.     Copies of any and all accident reports for accident involving the defendant driver for a period commencing within the last five (5) years. [FMCSR Sec. 390.30; FMCSR Sec. 391.51(b)(5)]

23.     A copy of any correspondence(s) or items relating to the defendant driver's ability to drive a motor vehicle safely within the last seven (7) years, including, but not limited to, letters of warning, and records of disciplinary actions. [FMCSR Sec. 391.51(b)(5)].

24.     A copy of the records pertaining to the defendant driver's training, including, but not limited to, curriculum covering safe operating practices, such as: visual search, speed management, space management, night operations, hazard perception and emergency maneuvers. [FMCSR Sec. 391.51]

25.     Copies of the following items for the date of incident, the six (6) months prior and the six (6) months after the accident:
    a.     USDOT Safety Fitness Ratings of the Defendant.
    b.     Copies of all USDOT Safety Compliance Audits of the Defendant.
    c.     All fuel tax reports of the Defendant.
    d.     All state safety audits of the Defendant.
    e.     All federal accident reports filed by the Defendant.
    f.     All USDOT and State inspection reports of the Defendant.
    g.     All USDOT and State inspections of the tractor involved in the crash.

26.     A copy of any and all recordings made from any flight box recorder(s) and/or black box(s) from the date of the accident, one (1) week prior and one (1) week after the accident.

27.     A copy of the defendant driver's employment and personnel file.

28.    A copy of any and all commercial trucking licenses for the defendant driver for the two years prior to the subject accident and until the present.

29.    A copy of all maintenance records for the vehicle driven by the defendant at the time of the accident.

30.    A copy of any and all records pertaining to and regarding any pick-ups, drop-offs, stops, any and all routes for the vehicle driven by the defendant on the date of and the two (2) weeks prior to the subject accident.

31.    A copy of any and all contracts related to any pick-ups, drop-offs, and/or stops that the defendant driver made on the date of the subject accident, as well as the two (2) weeks prior and the two (2) weeks after the accident.

32.    A copy of any and all records from any and all weight measurements for the vehicle driven by the defendant on the date of the accident, the two (2) weeks prior to the date of the accident, and the two (2) weeks after the accident.

33.    A copy of any and all contracts if the defendant driver was driving to a job in which there had been a contractual agreement.

34.    A copy of any and all dash-cam video and/or audio form the date of the accident.

35.    A copy of any and all Statements given by the defendant to the insurance carrier regarding the incident which forms the basis of this litigation.

36.    A copy of the defendant driver's qualification file, including, but not limited to:

37.    A copy of the defendant driver's application for employment;
38.    A copy of any and all medical examination reports;
39.    A copy of any and all medical examiner's certificates;
40.    A copy of any and all record & certificate of road test;
41.    MVR for every year the defendant driver was employed by your company;
42.    A copy of any and all records for violations;
43.    A copy of any and annual review certificates;
44.    A copy of employment eligibility verification forms and documents;
45.    A photo static copy of the defendant driver's commercial driver's license.

46.    A copy of the defendant driver's security information file, including, but not limited to:

47.    Previous employer checks;
48.    Criminal background history and documents;
49.    Documents related to the release of Drug & Alcohol Screens

50.    A copy of the defendant driver's drug and alcohol file:

51.    Pre-employment drug and alcohol screening results and documents;

52.    Copies of pre-accident drug & alcohol screening results and documents;

53.    Copies of post-accident drug & alcohol screening results and documents.

54.    A copy of any and all onboard monitoring device data, including data from GPS satellite positioning and messages to/from the vehicle to the company.

55.    A copy of the ECM (Electronic control Module) data report from the week prior to the accident and the date of the accident.

56.    A copy of any and all Toll Tickets/Receipts for the date of the accident and the three (3) months prior.

57.    A copy of any and any all company policies & procedures in place at the time of the accident.  This includes, but is not limited to, manuals, memos, emails, and bulletins.

58.    A copy of any and all employee handbooks in place at the time of the accident, the two years prior, and the two years after.

59.    A copy of any and all records related to the installation, repair, maintenance, and/or upkeep of the brakes, as well as the braking system(s), for the vehicle involved in the accident.

60.    A copy of any and all Employee personnel files for **JOSEPH J. CAMISA, JR**.

61.    A copy of any and all documents you may rely on at the time trial.

62.    A copy of any and all statements made by the owner as well as employees of **VIRGINIA TRANSPORTATION** made to an insurance carrier.

63.    The copy of any and all payroll records for **JOSEPH J. CAMISA, JR.,** for the month before, the week of, and the month after the accident.

64.    A copy of any and all report forms provided to any insurance companies.

65.    A copy of any and all repair bills and estimates for damage occurring as result of the accident.

66.    A copy of any and all photographs for any damage occurring as a result of the accident. **Please provide them in color**.

67.    A copy of any and all drivers abstracts for driver **JOSEPH J. CAMISA, JR**.

68.    A copy of any and all documents related to the deliveries that were made by **JOSEPH J. CAMISA** for the day before, the day of, and the day after the accident.

69.    A copy of any and all bills of lading for the trips taken by **JOSEPH J. CAMISA, JR.** for the week before, the day of, and the week after the accident.

70.     A copy of any and all time sheets for **JOSEPH J. CAMISA** for the week before, the day of, and the week after the accident.

71.     A copy of any and all insurance policies in effect at the time of the accident for **VIRGINIA TRANSPORTATION**.

72.     A copy of any and all certificates of insurance in your possession for the last seven (7) years for **VIRGINIA TRANSPORTATION.**

## General Negligence/All Cases

1.     All captions and docket numbers of every action this Defendant has ever been a party to, including pending actions.

2.     Any and all written statements, as well as oral statements reduced to writing, of all Plaintiff(s).

3.     Any and all written statements, as well as oral statements, reduced to writing provided by Defendant, and/or his agents, servants or employees to any adjuster for the Defendant's insurance company in accordance with *Pfender v. Torres* 336 N.J. Super, 379.

4.     Any and all written statements, as well as oral statements, reduced to writing of any and all other parties to this action.

5.     Any and all written statements, as well as oral statements, reduced to writing of any and all agents, servants and employees of this Defendant, which in any way involve and/or discuss the Plaintiff(s), and/or the subject incident in accordance with *Pfender v. Torres* 336 N.J. Super, 379.

6.     Any and all written statements, or oral statements, reduced to writing of any and all witnesses to any aspects of the incident complained of, as well as of any aspects of Plaintiff's claims in accordance with *Dinter v. Sears, Roebuck & Co.*, 52 N.J. Super 84 (App. Div. 1991).

7.     Any and all Central Index Bureau and/or Index System Reports regarding the Plaintiff.

8.     Copies of all videos, photographs, motion pictures, charts, sketches, illustrations, diagrams and/or pictures relating to the incident complained of, as well as any and all aspects of Plaintiff's claim.

9.     Copy of this Defendant's "filed" Answer.

10.    Copies of any and all subpoenas served by this Defendant in this matter.

11.    Copies of all documents and any other information obtained through subpoenas, and/or medical authorizations signed by the Plaintiffs.

12.     Copies of all documents and any other information obtained from any of Plaintiff's medical providers, acquired by way of subpoena(es) and/or medical authorization(s), or by any other means.

13.     Copies of all discovery propounded upon all other parties (other than the Plaintiffs).

14.     Copies of all discovery received from all other parties (other than the Plaintiffs).

15.     Copies of any and all written reports and/or oral reports reduced to writing, which in any way concerns the subject incident, and/or any and all claims of the Plaintiff, made to/by a police official/department and/or any governmental authority.

16.     Any and all photographs, charts, drawings, motion pictures, videos and/or surveillance reports of the Plaintiff(s).

17.     Copy of the Curriculum Vitae of each proposed expert witness of this Defendant.

18.     The name and address and title of each agent, servant and/or employee of any and all of Defendant's medical experts who were are present during any and all examinations and/or interviews or any other aspects of defense medical/psychiatric IME's of the Plaintiff.

19.     Any and all intake sheets, patient questionnaire forms or other documents filled out and/or completed or drafted pursuant to any and all defense examinations of the Plaintiff, taken or to be taken in this matter.

20.     Clear and complete copies of any and all reports of any and all defense experts, whether or not intended to be called at the time of trial.

21.     Pursuant to R. 4:17-4(c), copies of Answers to this Defendant's Interrogatories by all other parties.

22.     Any and all correspondence, as well as oral communications reduced to writing, between this Defendant and any other party to this action.

23.     Any and all written reports or oral reports reduced to writing that include whether Defendant or anyone on behalf of this Defendant has knowledge of any other personal injury claim(s) or lawsuit(s) made by the Plaintiff(s), either prior to or subsequent to the date of the incident complained of, and attach a copy of all written documents relating thereto that are in the possession of this Defendant.

24.     Any and all documents regarding, or relating to any other injuries, illnesses, medical conditions and/or psychiatric conditions sustained by the Plaintiff(s), whether before or after the date of the incident complained of.

25.     Any and all documents in your possession, custody and/or control that refer, or relate in any way to reservation of rights from this Defendant's insurance company.

26.     Any and all documents, including but not limited to, incident reports, photographs, tape recordings, films, videotapes, motion pictures, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to circumstances surrounding the subject incident.

27.     Any and all documents, including but not limited to, photographs, videos, films, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to Plaintiff's physical condition on, or after the date of the incident complained of.

28.     Any and all written reports and/or oral reports reduced to writing of the subject incident and/or circumstances relating to the subject incident, made by this Defendant and/or to this Defendant and/or by any servant, agent and/or employee of this Defendant, and/or to any servant, agent and/or employee of this Defendant.

29.     Name and address of each agent, servant and/or employee of this Defendant and/or of Defendant's insurance company and/or insurance broker and/or insurance agent, spoke with Defendant, **JOSEPH J. CAMISA, JR.** at any time since the moment of the incident complained of, and the dates and time of said conversations, and whether or not said conversation(s) were in person or over the telephone, and who initiated the call or contact, and how this person received notice of the said incident.

30.     True copies of any and all investigative reports pertaining to the subject incident.

31.     Any and all incident and/or accident, and/or injury reports, filed, made or drafted by or on behalf of this Defendant, and/or received by this Defendant, as a result of the (D/A) incident complained of.

32.     Any and all records, reports, and/or other documents upon which this Defendant will rely upon at the time of trial.

<u>**Automobile Negligence Cases**</u>

1.     Any and all photographs, and/or videotapes depicting this Defendant's vehicle on and since the incident of July 1, 2019.

2.     Any and all photographs, and/or videotapes depicting any other vehicles involved in the subject collision of July 1, 2019.

3.     Any and all photographs, and/or videotapes depicting damage to any tangible property as a result of the collision of July 1, 2019.

4.     Any and all photographs, videotapes, sketches, drawings, blueprints, and/or diagrams of the subject collision scene.

5.     Any and all photographs, and/or videotapes depicting the Plaintiff's vehicle since the collision of July 1, 2019.

6.      Any and all invoices, estimates and/or repair bills setting forth the damages and repairs to Plaintiff's vehicle as a result of the subject auto accident.

7.      Copy of front and back of this Defendant's Driver's License (if defendant/driver, otherwise get front and back of defendant/driver's license).

8.      Copy of this defendant's automobile insurance policy, as well as any excess insurance policies and umbrella policies, relevant to the subject collision.

9.      Copies of any and all written reports and/or oral reports reduced to writing of the subject incident, made to/by the police department and/or any governmental authority.

10.      Any and all employment contracts and/or commission contracts and/or any other business contracts between this Defendant, and any Co-Defendant, **VIRGINIA TRANSPORTATION**, which existed and/or was in effect at the time of this incident July 1, 2019.

11.      Names and current addresses of all occupants to this Defendant's vehicle at the time of the subject collision.

12.      Name and address of the individual(s) who last inspected this Defendant's vehicle prior to the subject collision, whether by a governmental authority or by an agent, servant and/or employee of this Defendant (e.g., daily inspections prior to operation).

13.      CELL PHONE RECORD PRODUCTION: Defendant is required to produce a true copy of all cell phone calls made and received for the five-hour time period covering before and after the subject incident complained of in the complaint in addition to all records of text messaging received and made during such time period.

14.      Defendants are to produce all records showing the name and address of all cell phone providers as well as the cell phone numbers listed to each defendant covering the date of the incident complained of.

**MAGGIANO, DIGIROLAMO & LIZZI P.C.**
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

Dated:  February 3, 2020        BY:

EUNMI HWANG, ESQ.

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY        NJ 07306
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM


                      DATE:    JANUARY 29, 2020
                      RE:      BAE AIDEN  VS CAMISA, JR. JOSEPH
                      DOCKET:  HUD L -000426 20


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH V. ISABELLA

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (201) 748-4400.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                      ATTENTION:
                               ATT: EUNMI HWANG
                               & LIZZI P C. MAGGIANO DIGIROLA

                               201 COLUMBIA AVE
                               FORT LEE        NJ 07024

ECOURTS
```

# EXHIBIT

# B

AFFIDAVIT OF SERVICE

P2916344

MAGGIANO, DIGIROLAMO & LIZZI, P.C.
SUPERIOR COURT OF NEW JERSEY LAW DIVISION HUDSON COUNTY

| | |
|---|---|
| AILEU BAE (HUSBAND) AND YOONHA JUNG (WIFE) | Index No. HUD-L-000426-20 |
| PLAINTIFF | Date Filed |
| — vs — | File No. 5350-MDL |
| VIRGINIA TRANSPORTATION, ET AL | Court Date: |
| DEFENDANT | AFFIDAVIT OF SERVICE |

STATE OF _RHODE ISLAND_ , COUNTY OF _PROVIDENCE_ :SS:

_PAUL G. HUGHES_ , being duly sworn deposes and says:    _RI_

Deponent is not a party herein, is over 18 years of age and resides in the State of _RI_

On _2/11/2020_ at _139 PM_.

at 141 JAMES P MURPHY IND HWY  WEST WARWICK, RI 02893

deponent served the within SUMMONS, FIRST AMENDED COMPLAINT JURY DEMAND, NOTICE TO TAKE ORAL DEPOSITIONS, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR CERTIFICATION OF INSURANCE COVERAGE AND CIVIL INFORMATION STATEMENT (CIS) on:
VIRGINIA TRANSPORTATION, the DEFENDANT therein named.

#1 INDIVIDUAL    By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

#2 CORPORATION    By delivering a true copy of each to _BRIAN RHODES_ personally,
deponent knew the person so served to be the _GENERAL MANAGER_
of the corporation, and authorized to accept service on behalf of the corporation.

#3 SUITABLE    By delivering a true copy of each to _____ a person
AGE PERSON    of suitable age and discretion.
Said premises is DEFENDANT's: [ ] actual place of business  [ ] dwelling house (usual place of abode) within the state.

#4 AFFIXING    By affixing a true copy of each to the door of said premises, which is DEFENDANT's:[ ] actual place
TO DOOR    of business  [ ] dwelling house (usual place of abode) within the state.

Deponent was unable, with due diligence to find DEFENDANT or a person of suitable age and discretion, having called thereat

| | | | | |
|---|---|---|---|---|
| on the _____ | day of _____ | at _____ |
| on the _____ | day of _____ | at _____ |
| on the _____ | day of _____ | at _____ |
| on the _____ | day of _____ | at _____ |

Address confirmed by _____

#5 MAIL COPY    On _____ I deposited in the United States mail a true copy of the aforementioned enclosed documents properly enclosed and sealed in a post-paid wrapper addressed to the above address. Copy mailed 1" class mail marked personal and confidential and not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

#6 DESCRIPTION    Deponent describes the person served as aforesaid to the best of deponent's ability at the
(USE WITH #1, 2 OR    time and circumstances of the service as follows.
3)
Sex: _M_    Color: _WH_    Hair: _BLK_
Age: _44_    Height: _5'10_    Weight: _170_
OTHER IDENTIFYING FEATURES: _____

#7 WITNESS FEES    The authorized witness fee and / or traveling expenses were paid (tendered) to the DEFENDANT in the amount of $ _____

#8 MILITARY SRVC    Deponent asked person spoken to whether the DEFENDANT was presently in military service of the United States Government, or of the State of _____ and was informed that DEFENDANT was not.

#9 OTHER

_Linda G Hughes_    _2/12/2020_    _Paul G. Hughes_
NOTARY NAME & DATE

**LINDA G HUGHES**
**NOTARY PUBLIC ID 51407**
**STATE OF RHODE ISLAND**
MY COMMISSION EXPIRES APRIL 29, 2020

PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 1-MDL-N...    R.I. CONSTABLE # 606
PAUL G. HUGHES

P2916377

AIDEN BAE (HUSBAND) AND YOONHA JUNG (WIFE)
PLAINTIFF
- vs -
VIRGINIA TRANSPORTATION, ET AL
DEFENDANT

SUPERIOR COURT OF NEW JERSEY LAW
DIVISION HUDSON COUNTY
Docket No. HUD-L-000426-20

**Person to be Served**
JOSEPH J. CAMISA, JR
13 MARUDY DRIVE
CLINTON, NJ 08809

**AFFIDAVIT OF SERVICE**
(For Use By Private Service)

**Papers Served:** SUMMONS, FIRST AMENDED COMPLAINT JURY DEMAND, NOTICE TO TAKE ORAL DEPOSITIONS, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR CERTIFICATION OF INSURANCE COVERAGE AND CIVIL INFORMATION STATEMENT (CIS)

**Service Data:**
Served Successfully **X** Not Served _____ Date: <u>02/07/2020</u> Time: <u>11:26AM</u> Attempts: _____

**X**   Delivered a copy to him/her personally

____   Left a copy with a competent household member of over 14 years of age residing therein.

___   Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of person served and relationship / title:

JOSEPH J. CAMISA, JR

Self

**Description of Person Accepting Service:**
SEX: **MALE**   COLOR: **WHITE**   HAIR: **BLACK/BALD**
OTHER: Glasses, Black dog
**Comments Or Remarks:**

APP.AGE: **50-60**   APP. HT: **5'10**   APP. WT: **170**

I, JOHN JONES, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Sworn to before me this
_____ day of _____ 2020

_____
Signature of Process Server Date

Client File Number: 5350-MDL

TINA GIORDANO
NOTARY PUBLIC OF NEW JERSEY
Commission # 2428940
My Commission Expires 1/17/2023

PM Legal
2333 U.S. Hwy 22 West
Union, NJ 07083
908-686-7300

# EXHIBIT

# C

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
**EUNMI HWANG, ESQ.**
**Attorney ID No.: 248172017**
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiff(s)*
AIDEN BAE AND YOONHA JUNG

| | |
|---|---|
| **AIDEN BAE (husband) and YOONHA JUNG (wife)** | **LAW DIVISION: HUDSON COUNTY SUPERIOR COURT OF NEW JERSEY** |
| Plaintiff, | **Docket Number:  HUD-L-_____** |
| Vs. | *Civil Action* |
| **VIRGINIA TRANSPORTATION, JOSEPH J. CAMISA, JR., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown) | **COMPLAINT, JURY DEMAND, NOTICE TO TAKE ORAL DEPOSITIONS, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR CERTIFICATION OF INSURANCE COVERAGE AND CIVIL INFORMATION STATEMENT (CIS)** |
| Defendant(s). | |

Plaintiff, **AIDEN BAE** and **YOONHA JUNG** residing at 407 North Avenue, in the Borough of Fort Lee, County of Bergen and State of New Jersey, by way of Complaint against the defendants, say:

### FIRST COUNT

1.      On July 1, 2019, the plaintiff, **AIDEN BAE**, was the driver of a certain motor vehicle traveling southbound on the New Jersey Turnpike Interstate 18W IE in the Borough of Carlstadt and State of New Jersey.

2.      At the time and place aforesaid, the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** *(said names being fictitious, true names presently unknown)*, **ABC CORPORATION I-X** *(said names being fictitious, true names presently unknown)* and **XYZ EMPLOYER I-X** *(said names being fictitious, true names presently unknown)*, were the owners of a certain motor vehicle, which was being operated with their

permission by the defendant, **JOSEPH J. CAMISA, JR.,** as their agent, servant, and/or employee traveling southbound on the New Jersey Turnpike Interstate 18W IE in the Borough of Carlstadt and State of New Jersey.

3.      Upon information and belief at the time and place aforesaid, the defendant, **JOSEPH J. CAMISA, JR.** so negligently operated his said motor vehicle in that the defendant, **JOSEPH J. CAMISA, JR.**, negligently failed to observe traffic as he carelessly changed lanes from the middle lane to the left lane violently striking the plaintiff's vehicle, causing Plaintiff to suffer and sustain the injuries and other damages hereafter alleged.

4.      As a result of the negligence of the defendant, as hereinabove set forth, the plaintiff was caused to sustain severe and serious injuries to his head, limbs, body and nervous system, which further caused him to suffer severe and excruciating pain, as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature. As a further result of said injuries, the plaintiff was required to expend divers sums of money for medical care and attention, which was administered to him in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and Plaintiff, in the future, will be required to submit to further medical attention. As a further result of said injuries, the plaintiff has been unable to perform his usual daily tasks and activities of daily living, and has been prevented from participating in those activities enjoyed by individuals like-situated in life, all of which has prevented him from enjoying the normal fruits of his existence, both socially and economically, and he was otherwise damaged.

**WHEREFORE**, the plaintiff, **AIDEN BAE,** demands judgment against the defendants, **JOSEPH J. CAMISA, JR., VIRGINIA TRANSPORTATION** and the other fictionally identified defendants, jointly and severally, together with costs, disbursements of suit and interest and such other relief so deemed just by the Court.

## SECOND COUNT

1.      Plaintiffs, **AIDEN BAE and YOONHA JUNG,** repeat, reiterate and re-allege each and every allegation of the First Count as if the same were more fully set forth herein at length

2.      On or about July 1, 2019, and at all times relevant hereto, the defendant, **JOSEPH J. CAMISA, JR.,** was operating said motor vehicle in the service of and in the course of his employment for Defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*).

3.      As a result of the negligence, carelessness and recklessness of the defendant, **JOSEPH J. CAMISA, JR.,** in the operation of the aforesaid motor vehicle while in the course of her employment and in the services of the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), severe and serious injuries and other damages were caused to the plaintiff, **AIDEN BAE.**

4.      As a result of the acts of negligence, carelessness and recklessness of the defendant, **JOSEPH J. CAMISA, JR.,** as stated above, while in the course of his employment, Defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), are liable to the plaintiff, **AIDEN BAE,** for the negligent and reckless acts of its agent, servant and/or employee, Defendant, **JOSEPH J. CAMISA, JR.,** under the doctrine of Respondeat Superior and for all personal injuries sustained as a result of the motor vehicle collision afore described.

5.      As a result of the negligence and carelessness of the defendant(s) as hereinabove set forth, the plaintiff, **AIDEN BAE,** was caused to sustain severe and serious injuries to his head, limbs, body and nervous system, which further caused him to suffer severe and excruciating pain,

as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature. As a further result of said injuries, the plaintiff, **AIDEN BAE,** was required to expend divers sums of money for medical care and attention, which was administered to him in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and the plaintiff, in the future, will be required to submit to further medical attention. As a further result of said injuries, the plaintiff, **AIDEN BAE,** has been unable to perform his usual daily tasks and employment, has lost income and has been prevented from participating in those activities enjoyed by individuals like-situated in life, all of which has prevented him from enjoying the normal fruits of his existence, both socially and economically, and he was otherwise damaged.

      **WHEREFORE,** the plaintiff, **AIDEN BAE,** demands judgment against the defendants, **JOSEPH J. CAMISA, JR., VIRGINIA TRANSPORTATION** and other identified defendants, jointly and severally, together with costs, disbursements of suit and interest and such other relief so deemed just by the Court.

<div align="center">

**THIRD COUNT**

</div>

      1.    Plaintiff, **AIDEN BAE and YOONHA JUNG,** repeat, reiterate and reallege each and every allegation set forth in the First and Second Counts of the Complaint as if more fully set forth at length herein.

      2.    On or about July 1, 2019, Defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), were the owners of the aforesaid motor vehicle which they had granted and entrusted the operation of and to Defendant, **JOSEPH J. CAMISA, JR.**.

      3.    At said time and place, the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), knew or should have known that the

defendant, **JOSEPH J. CAMISA, JR.,** had in the past negligently and carelessly operated motor vehicles.

4.     On or about July 1, 2019, the defendant, **JOSEPH J. CAMISA, JR.,** operated the above-described motor vehicle in such a careless, reckless and negligent manner in that he failed to observe traffic as he carelessly changed lanes from the middle lane to the left lane violently striking the rear of the plaintiff, **AIDEN BAE,** causing him to suffer and sustain the injuries and other damages hereafter alleged.

5.     Upon information and belief and at all times hereinafter mentioned, the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), or any of them, through their actions and inactions, negligently enabled Defendant, **JOSEPH J. CAMISA, JR.,** to obtain the use of the said motor vehicle of the defendants and were otherwise negligent in that they knew or reasonably should have known that Defendant, **JOSEPH J. CAMISA, JR.,** was an individual who had repeatedly improperly operated a motor vehicle.

6.     Upon information and belief and at all times hereinafter mentioned, the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), acted with negligence and reckless disregard of the safety of the general public at large, and the plaintiff more particularly, in enabling Defendant, **JOSEPH J. CAMISA, JR.,** to obtain the use of a vehicle, an inherently dangerous instrumentality, without investigating Defendant, **JOSEPH J. CAMISA, JR.'s,** driving record and/or history.

7.     As a direct and proximate result of the negligence, carelessness and reckless disregard of the defendants, **VIRGINIA TRANSPORTATION, JOHN DOES I-X** (*said names being fictitious, true names presently unknown*), **ABC CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown*), in permitting Defendant, **JOSEPH J. CAMISA, JR.,**

to possess and operate said motor vehicle in the negligent manner described above, the plaintiff, **AIDEN BAE**, was caused to sustain severe and serious injuries to his head, hands, limbs, body and nervous system, which further caused him to suffer severe and excruciating pain, as well as extreme mental anguish.  Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the plaintiff, **AIDEN BAE**, was required to expend divers sums of money for medical care and attention, which was administered to him in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and the plaintiff, in the future, will be required to submit to further medical attention.  As a further result of said injuries, the plaintiff, **AIDEN BAE**, has been unable to perform his usual daily tasks and employment, has lost income, and has been prevented from participating in those activities enjoyed by individuals like-situated in life, all of which has prevented him from enjoying the normal fruits of his existence, both socially and economically, and he was otherwise damaged.

   **WHEREFORE**, the plaintiff, **AIDEN BAE**, demands judgment against the defendants, **JOSEPH J. CAMISA, JR., VIRGINIA TRANSPORTATION**, ABC **CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** (*said names being fictitious, true names presently unknown)*, jointly and severally, together with costs, disbursements of suit and interest and such other relief so deemed just by the Court.

<u>**FOURTH COUNT**</u>

   1. Plaintiff, **YOONHA JUNG**, repeats, reiterates and realleges each and every allegation set forth in the First, Second and Third Counts of this complaint as if same were more fully set forth at length herein.

   2. At all times herein above stated, the plaintiff, **YOONHA JUNG**, was the lawfully wedded wife of the plaintiff, **AIDEN BAE**, and as such was entitled to her services, love, affection and consortium.

3.      As a result of defendant's negligence, Plaintiff, **YOONHA JUNG**, has and will in the future be deprived of services, love, affection and consortium of the plaintiff, **AIDEN BAE.**

**WHEREFORE,** the plaintiff, **YOONHA JUNG**, demands judgment against the defendants, **JOSEPH J. CAMISA, JR., VIRGINIA TRANSPORTATION,** ABC **CORPORATION I-X** (*said names being fictitious, true names presently unknown*) and **XYZ EMPLOYER I-X** *(said names being fictitious, true names presently unknown)*, jointly and severally, together with costs, disbursements of suit and interest and such other relief so deemed just by the Court.

## JURY DEMAND

Pursuant to R. 1:8-2(b), Plaintiffs hereby demands a Trial by Jury on all the issues raised in the within Pleadings.

MAGGIANO, DIGIROLAMO & LIZZI P.C.
*Attorneys for Plaintiff(s)*
AIDEN BAE and YOONHA JUNG

Dated:  January 29, 2020              BY:
                                          EUNMI HWANG, ESQ.


**************************************

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4 MICHAEL MAGGIANO is designated as trial counsel.

MAGGIANO, DIGIROLAMO & LIZZI P.C.
*Attorneys for Plaintiff(s)*
AIDEN BAE and YOONHA JUNG

Dated:  January 29, 2020              BY:
                                          EUNMI HWANG, ESQ.

## NOTICE TO TAKE ORAL DEPOSITIONS

**PLEASE TAKE NOTICE** that in accordance with Rules of Civil Practice and Procedure, the testimony of the defendant, **JOSEPH J. CAMISA, JR.,** and/or person(s) having relevant knowledge in signing answers to interrogatories on behalf of the defendant, will be taken by deposition upon oral examination before a person selected by Plaintiff authorized by the laws of the State of New Jersey to administer oaths on **June 5, 2020,** at **10:00 a.m.** at the offices of **MAGGIANO, DIGIROLAMO & LIZZI,** 201 Columbia Avenue, Fort Lee, New Jersey 07024, with respect to all matters relevant to the subject matter involved in this action.

<div style="text-align:right">

**MAGGIANO, DIGIROLAMO & LIZZI P.C.**
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

</div>

Dated:  January 29, 2020                    BY:

EUNMI HWANG, ESQ.

## NOTICE TO TAKE ORAL DEPOSITIONS

**PLEASE TAKE NOTICE** that in accordance with Rules of Civil Practice and Procedure, the testimony of the defendant, **VIRGINIA TRANSPORTATION** ,and/or person(s) having relevant knowledge in signing answers to interrogatories on behalf of the defendant, will be taken by deposition upon oral examination before a person selected by Plaintiff authorized by the laws of the State of New Jersey to administer oaths on **June 5, 2020,** at **10:00 a.m.** at the offices of **MAGGIANO, DIGIROLAMO & LIZZI,** 201 Columbia Avenue, Fort Lee, New Jersey 07024, with respect to all matters relevant to the subject matter involved in this action.

MAGGIANO, DIGIROLAMO & LIZZI P.C.
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

Dated:  January 29, 2020          BY:

EUNMI HWANG, ESQ.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(2), Plaintiffs hereby demand that, in lieu of service of interrogatories, Defendant, each provide answers to the uniform interrogatories set forth in Form C and C(1) of Appendix II.  Pursuant to R.4:17-4(b), Defendant shall serve answers upon Plaintiff within sixty (60) days from the date of receipt of this Demand.

Pursuant to R. 4:17-1(b)(1), Plaintiff reserves the right to propound supplemental interrogatories.

MAGGIANO, DIGIROLAMO & LIZZI P.C.
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

Dated:  January 29, 2020          BY:

EUNMI HWANG, ESQ.

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
**EUNMI HWANG, ESQ.**
**Attorney ID No.: 248172017**
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiff(s)*
AIDEN BAE AND YOONHA JUNG

| | |
|---|---|
| **AIDEN BAE (husband) and YOONHA JUNG (wife)**<br><br>                        Plaintiff,<br><br>Vs.<br><br>**VIRGINIA TRANSPORTATION, JOSEPH J. CAMISA, JR., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown)<br><br>                        Defendant(s). | **LAW DIVISION: HUDSON COUNTY SUPERIOR COURT OF NEW JERSEY**<br><br>**Docket Number:  HUD-L-_____**<br><br>*Civil Action*<br><br>**PLAINTIFFS' FIRST DEMAND FOR SUPPLEMENTAL INTERROGATORIES TO DEFENDANT JOSEPH J. CAMISA, JR.** |

**PURSUANT** to Rule 4:17-1(b)(1), Plaintiffs hereby demands Defendant, **JOSEPH J. CAMISA, JR.** provide answers to the following demand for supplemental interrogatory answers within the time prescribed by the Rules of Court.

1. Were you in the course of employment at the time of the collision complained of in Plaintiff's complaint.

2. If so state the name and address of your employer for whom you were working at the time of the collision complained of.

3. Please state that exact location and place from where you had come from in your motor vehicle and where you were intending to go.

4. State the purpose of your trip.

5. State the name of your cell phone provider for each cell phone owned by you or under your control and possession at the time of the collision complained of July 1, 2019.

6.  For each such cell phone you owned, used or controlled at the time of the collision complained of, please state the cell phone number assigned to each phone of the date of the collision.

7. Please provide the primary account holder for each cellular phone above identified.

8. Please state if you were using your cell phone at the time of the collision complained of either for texting or on a call.

9. Please provide all data showing you cell phone usage for the evening of July 1, 2019.

10. At the time of the subject collision did you have a cell phone on your person or in the motor vehicle.

                              MAGGIANO, DIGIROLAMO & LIZZI P.C.
                              *Attorneys for Plaintiff(s)*
                              **AIDEN BAE and YOONHA JUNG**

Dated:  January 29, 2020          BY:
                                       EUNMI HWANG, ESQ.

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____,2020          BY: _____

**JOSEPH J. CAMISA, JR.**

## CERTIFICATION

      I hereby certify that the above insurance information given by me is true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under law.

Dated: _____, 2020

                                            _____

                                            **VIRGINIA TRANSPORTATION**

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that the defendant, **JOSEPH J. CAMISA, JR,** disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

This request applies also to information regarding excess, umbrella or other supplemental insurance policies available to each defendant.

As to each policy available whether primary, excess, umbrella or otherwise supplemental coverage, please provide the following information under oath or certification, in the space provided: (If additional space is required, kindly attach a rider to this demand) (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied.

**MAGGIANO, DIGIROLAMO & LIZZI P.C.**
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

Dated: January 29, 2020          BY:

EUNMI HWANG, ESQ.

## CERTIFICATION

I hereby certify that the above insurance information given by me is true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under law.

Dated: _____, 2020

_____
**JOSEPH J. CAMISA, JR.**

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that the defendant, **VIRGINIA TRANSPORTATION,** disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

This request applies also to information regarding excess, umbrella or other supplemental insurance policies available to each defendant.

As to each policy available whether primary, excess, umbrella or otherwise supplemental coverage, please provide the following information under oath or certification, in the space provided: (If additional space is required, kindly attach a rider to this demand) (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied.

<div style="margin-left:40%">

**MAGGIANO, DIGIROLAMO & LIZZI P.C.**
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

BY: 
      EUNMI HWANG, ESQ.

</div>

Dated:  January 29, 2020

## CERTIFICATION

I hereby certify that the above insurance information given by me is true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under law.

Dated: _____, 2020

_____

**VIRGINIA TRANSPORTATION**

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
**EUNMI HWANG, ESQ.**
**Attorney ID No.: 248172017**
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiff(s)*
AIDEN BAE AND YOONHA JUNG

| | |
|---|---|
| AIDEN BAE (husband) and YOONHA JUNG (wife)<br><br>    Plaintiff,<br><br>Vs.<br><br>VIRGINIA TRANSPORTATION, JOSEPH J. CAMISA, JR., JOHN DOES I-X, (said names being fictitious, true names presently unknown), ABC CORPORATION I-X (said names being fictitious, true names presently unknown), XYZ EMPLOYER I-X (said names being fictitious, true names presently unknown)<br><br>    Defendant(s). | LAW DIVISION: HUDSON COUNTY SUPERIOR COURT OF NEW JERSEY<br><br>Docket Number:  HUD-L-_____<br><br><br>*Civil Action*<br><br><br>**PLAINTIFF'S STATEMENT OF DAMAGES** |

Pursuant to <u>Rule</u> 4:5-2, the following is the amount of damages claimed in the above entitled action.

    $1,000,000.00

        **MAGGIANO, DIGIROLAMO & LIZZI P.C.**
        *Attorneys for Plaintiff(s)*
        **AIDEN BAE and YOONHA JUNG**

Dated:  January 29, 2020    **BY:**
          EUNMI HWANG, ESQ.

**MAGGIANO, DiGIROLAMO & LIZZI, P.C.**
**EUNMI HWANG, ESQ.**
**Attorney ID No.: 248172017**
201 Columbia Avenue
Fort Lee, New Jersey 07024
(201) 585-9111
*Attorneys for Plaintiff(s)*
AIDEN BAE AND YOONHA JUNG

| | |
|---|---|
| **AIDEN BAE (husband) and YOONHA JUNG (wife)** <br><br> Plaintiff, <br><br> Vs. <br><br> **VIRGINIA TRANSPORTATION, JOSEPH J. CAMISA, JR., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown) <br><br> Defendant(s). | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY** <br><br> **DOCKET NO.:  HUD-L-_____-20** <br><br> *Civil Action* <br><br> **DEMAND FOR PRODUCTION OF DOCUMENTS** |

PLEASE TAKE NOTICE that in accordance with the R. 4:18-1 of the Rules Governing the Courts of the State of New Jersey, Plaintiff, **AIDEN BAE,** hereby requests that Defendant, **JOSEPH J. CAMISA,** produce within thirty (30) days of receipt hereof, copies of the documents described herein and deliver same to the offices of Maggiano, DiGirolamo & Lizzi, P.C., 201 Columbia Avenue, Fort Lee, NJ 07024.

**DEFINITIONS AND INSTRUCTIONS**

A.    These requests are intended to be continuing and you are instructed to make prompt, further and supplemental production whenever an additional document is discovered responsive hereto.

B.    If any document called for by these requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery, set forth the ground or grounds for withholding such document, its present location and custodian and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety of the withholding, including but not limited to the type of documents, its date, author(s), addressee(s), if different its recipient(s), and its general subject matter.

C.     Documents produced in response to these requests shall be produced in such a manner so as to identify the specific request to which they relate.

D.     As used herein, the term "document" means, by way of illustration and not by way of limitation, the following items, whether printed or records or reproduced by any other mechanical process, written produced by hand, produced or stored in a computer, regardless of origin or location:  books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, licenses, books of account, orders invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analysis, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind or any other and all other data compilations from which information can be obtained and translated if necessary.

E.     As used herein, the term, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

F.     As used herein, any term in the singular shall be deemed to include the plural where appropriate and vice versa.

G.     As used herein, all terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include the response any document that might be deemed nonresponsive by any other construction.

H.     As used herein, "communication" means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, interview, conference, meeting or telephone conversation.

## DOCUMENTS TO BE PRODUCED:

### Trucking Company Defendant, Virginia Transportation

1.     Copies of any and all Record of Duty Status/Drivers Logs for the date of the accident, the six (6) months before the subject accident, and the two (2) weeks after the subject accident.

2.     Copies of any and all Bills of Lading for the date of the accident, six (6) months prior to the subject accident, and the two (2) weeks after the subject accident.

3.      Copies of any and all trip records for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

4.      Copies of any and all loading and unloading records for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

5.      Copies of any and all detention records for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

6.      Copies of any and all freight bills for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

7.      Copies of any and all written instructions for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

8.      Copies of any and all dispatch records, written or electronic, for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

9.      Copies of any and all gas receipts for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

10.     Copies of any and all trip expenses, including but not limited to toll receipts, hotel or motel receipts, food receipts, maintenance and repair receipts, for the date of the accident, the two (2) months before the subject accident, and the two months (2) after the subject accident.

11.     Copies of any and all cell phone records for all cell phones owned and/or used by the defendant commercial truck driver for the date of the accident, the two (2) weeks before the subject accident, and the two weeks (2) after the subject accident.

12.     Copies of any and all electronic communications between the defendant commercial truck driver and the defendant truck owner sent electronically through a Qualcom, Comdata, or similar electronic log system for the date of the accident, the two (2) weeks before the subject accident, and the two weeks (2) after the subject accident.

13.     Pursuant to **Part 396 of the Federal Motor Carrier Safety Regulations (FMCSRs)**, copies of any and all inspection records for the subject tractor-trailer and/or commercial vehicle for a period commencing six (6) months prior to the date of the accident, up to and including one month after the subject accident.

14.     Copies of any and all maintenance records for the subject tractor-trailer and/or commercial vehicle for a period commencing one year prior to the date of the accident, up to and including six (6) months after the subject accident.

15.     Copies of any and all repair records for the subject tractor-trailer and/or commercial vehicle for a period commencing six (6) months prior to the date of the accident, up to and including one (1) month after the subject accident.

16.     Copies of any and all Driver Vehicle Inspection Reports for a period commencing twelve (12) months prior to the date of the accident, up to and including three (3) months after the subject accident.

17.     Copies of any and all commercial driver's licenses held by the defendant truck driver within the past five (5) years.

18.     Pursuant to **FMCSR Part 391.51**, a full and complete copy of the defendant drivers Driver Qualification file.

19.     A Copy of any and all Medical Examination Reports for Commercial Driver Fitness Determination for the defendant driver.

20.     A list of violations or the certificate required by **FMCSR 392.27**, provided by the defendant driver to the defendant trucking company.

21.     Copies of the defendant driver's annual review reports for the years within the last five (5) years.

22.     Copies of any and all accident reports for accident involving the defendant driver for a period commencing within the last five (5) years.  [FMCSR Sec. 390.30; FMCSR Sec. 391.51(b)(5)]

23.     A copy of any correspondence(s) or items relating to the defendant driver's ability to drive a motor vehicle safely within the last seven (7) years, including, but not limited to, letters of warning, and records of disciplinary actions.  [FMCSR Sec. 391.51(b)(5)].

24.     A copy of the records pertaining to the defendant driver's training, including, but not limited to, curriculum covering safe operating practices, such as: visual search, speed management, space management, night operations, hazard perception and emergency maneuvers. [FMCSR Sec. 391.51]

25.     Copies of the following items for the date of incident, the six (6) months prior and the six (6) months after the accident:
a.      USDOT Safety Fitness Ratings of the Defendant.
b.      Copies of all USDOT Safety Compliance Audits of the Defendant.
c.      All fuel tax reports of the Defendant.
d.      All state safety audits of the Defendant.
e.      All federal accident reports filed by the Defendant.
f.      All USDOT and State inspection reports of the Defendant.
g.      All USDOT and State inspections of the tractor involved in the crash.

26.     A copy of any and all recordings made from any flight box recorder(s) and/or black box(s) from the date of the accident, one (1) week prior and one (1) week after the accident.

27.     A copy of the defendant driver's employment and personnel file.

28.     A copy of any and all commercial trucking licenses for the defendant driver for the two years prior to the subject accident and until the present.

29.     A copy of all maintenance records for the vehicle driven by the defendant at the time of the accident.

30.     A copy of any and all records pertaining to and regarding any pick-ups, drop-offs, stops, any and all routes for the vehicle driven by the defendant on the date of and the two (2) weeks prior to the subject accident.

31.     A copy of any and all contracts related to any pick-ups, drop-offs, and/or stops that the defendant driver made on the date of the subject accident, as well as the two (2) weeks prior and the two (2) weeks after the accident.

32.     A copy of any and all records from any and all weight measurements for the vehicle driven by the defendant on the date of the accident, the two (2) weeks prior to the date of the accident, and the two (2) weeks after the accident.

33.     A copy of any and all contracts if the defendant driver was driving to a job in which there had been a contractual agreement.

34.     A copy of any and all dash-cam video and/or audio form the date of the accident.

35.     A copy of any and all Statements given by the defendant to the insurance carrier regarding the incident which forms the basis of this litigation.

36.     A copy of the defendant driver's qualification file, including, but not limited to:

37.     A copy of the defendant driver's application for employment;
38.     A copy of any and all medical examination reports;
39.     A copy of any and all medical examiner's certificates;
40.     A copy of any and all record & certificate of road test;
41.     MVR for every year the defendant driver was employed by your company;
42.     A copy of any and all records for violations;
43.     A copy of any and annual review certificates;
44.     A copy of employment eligibility verification forms and documents;
45.     A photo static copy of the defendant driver's commercial driver's license.

46.     A copy of the defendant driver's security information file, including, but not limited to:

47.     Previous employer checks;
48.     Criminal background history and documents;
49.     Documents related to the release of Drug & Alcohol Screens

50.     A copy of the defendant driver's drug and alcohol file:

51.     Pre-employment drug and alcohol screening results and documents;

52. Copies of pre-accident drug & alcohol screening results and documents;

53. Copies of post-accident drug & alcohol screening results and documents.

54. A copy of any and all onboard monitoring device data, including data from GPS satellite positioning and messages to/from the vehicle to the company.

55. A copy of the ECM (Electronic control Module) data report from the week prior to the accident and the date of the accident.

56. A copy of any and all Toll Tickets/Receipts for the date of the accident and the three (3) months prior.

57. A copy of any and any all company policies & procedures in place at the time of the accident. This includes, but is not limited to, manuals, memos, emails, and bulletins.

58. A copy of any and all employee handbooks in place at the time of the accident, the two years prior, and the two years after.

59. A copy of any and all records related to the installation, repair, maintenance, and/or upkeep of the brakes, as well as the braking system(s), for the vehicle involved in the accident.

60. A copy of any and all Employee personnel files for **JOSEPH J. CAMISA, JR**.

61. A copy of any and all documents you may rely on at the time trial.

62. A copy of any and all statements made by the owner as well as employees of **VIRGINIA TRANSPORTATION** made to an insurance carrier.

63. The copy of any and all payroll records for **JOSEPH J. CAMISA, JR.,** for the month before, the week of, and the month after the accident.

64. A copy of any and all report forms provided to any insurance companies.

65. A copy of any and all repair bills and estimates for damage occurring as result of the accident.

66. A copy of any and all photographs for any damage occurring as a result of the accident. **Please provide them in color**.

67. A copy of any and all drivers abstracts for driver **JOSEPH J. CAMISA, JR**.

68. A copy of any and all documents related to the deliveries that were made by **JOSEPH J. CAMISA** for the day before, the day of, and the day after the accident.

69. A copy of any and all bills of lading for the trips taken by **JOSEPH J. CAMISA, JR.** for the week before, the day of, and the week after the accident.

70.     A copy of any and all time sheets for **JOSEPH J. CAMISA** for the week before, the day of, and the week after the accident.

71.     A copy of any and all insurance policies in effect at the time of the accident for **VIRGINIA TRANSPORTATION**.

72.     A copy of any and all certificates of insurance in your possession for the last seven (7) years for **VIRGINIA TRANSPORTATION.**

### General Negligence/All Cases

1.     All captions and docket numbers of every action this Defendant has ever been a party to, including pending actions.

2.     Any and all written statements, as well as oral statements reduced to writing, of all Plaintiff(s).

3.     Any and all written statements, as well as oral statements, reduced to writing provided by Defendant, and/or his agents, servants or employees to any adjuster for the Defendant's insurance company in accordance with *Pfender v. Torres* 336 N.J. Super, 379.

4.     Any and all written statements, as well as oral statements, reduced to writing of any and all other parties to this action.

5.     Any and all written statements, as well as oral statements, reduced to writing of any and all agents, servants and employees of this Defendant, which in any way involve and/or discuss the Plaintiff(s), and/or the subject incident in accordance with *Pfender v. Torres* 336 N.J. Super, 379.

6.     Any and all written statements, or oral statements, reduced to writing of any and all witnesses to any aspects of the incident complained of, as well as of any aspects of Plaintiff's claims in accordance with *Dinter v. Sears, Roebuck & Co.*, 52 N.J. Super 84 (App. Div. 1991).

7.     Any and all Central Index Bureau and/or Index System Reports regarding the Plaintiff.

8.     Copies of all videos, photographs, motion pictures, charts, sketches, illustrations, diagrams and/or pictures relating to the incident complained of, as well as any and all aspects of Plaintiff's claim.

9.     Copy of this Defendant's "filed" Answer.

10.     Copies of any and all subpoenas served by this Defendant in this matter.

11.     Copies of all documents and any other information obtained through subpoenas, and/or medical authorizations signed by the Plaintiffs.

12.     Copies of all documents and any other information obtained from any of Plaintiff's medical providers, acquired by way of subpoena(es) and/or medical authorization(s), or by any other means.

13.     Copies of all discovery propounded upon all other parties (other than the Plaintiffs).

14.     Copies of all discovery received from all other parties (other than the Plaintiffs).

15.     Copies of any and all written reports and/or oral reports reduced to writing, which in any way concerns the subject incident, and/or any and all claims of the Plaintiff, made to/by a police official/department and/or any governmental authority.

16.     Any and all photographs, charts, drawings, motion pictures, videos and/or surveillance reports of the Plaintiff(s).

17.     Copy of the Curriculum Vitae of each proposed expert witness of this Defendant.

18.     The name and address and title of each agent, servant and/or employee of any and all of Defendant's medical experts who were are present during any and all examinations and/or interviews or any other aspects of defense medical/psychiatric IME's of the Plaintiff.

19.     Any and all intake sheets, patient questionnaire forms or other documents filled out and/or completed or drafted pursuant to any and all defense examinations of the Plaintiff, taken or to be taken in this matter.

20.     Clear and complete copies of any and all reports of any and all defense experts, whether or not intended to be called at the time of trial.

21.     Pursuant to R. 4:17-4(c), copies of Answers to this Defendant's Interrogatories by all other parties.

22.     Any and all correspondence, as well as oral communications reduced to writing, between this Defendant and any other party to this action.

23.     Any and all written reports or oral reports reduced to writing that include whether Defendant or anyone on behalf of this Defendant has knowledge of any other personal injury claim(s) or lawsuit(s) made by the Plaintiff(s), either prior to or subsequent to the date of the incident complained of, and attach a copy of all written documents relating thereto that are in the possession of this Defendant.

24.     Any and all documents regarding, or relating to any other injuries, illnesses, medical conditions and/or psychiatric conditions sustained by the Plaintiff(s), whether before or after the date of the incident complained of.

25.     Any and all documents in your possession, custody and/or control that refer, or relate in any way to reservation of rights from this Defendant's insurance company.

26.      Any and all documents, including but not limited to, incident reports, photographs, tape recordings, films, videotapes, motion pictures, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to circumstances surrounding the subject incident.

27.      Any and all documents, including but not limited to, photographs, videos, films, diagrams and/or sketches in your possession, custody and/or control that refer or relate in any way to Plaintiff's physical condition on, or after the date of the incident complained of.

28.      Any and all written reports and/or oral reports reduced to writing of the subject incident and/or circumstances relating to the subject incident, made by this Defendant and/or to this Defendant and/or by any servant, agent and/or employee of this Defendant, and/or to any servant, agent and/or employee of this Defendant.

29.      Name and address of each agent, servant and/or employee of this Defendant and/or of Defendant's insurance company and/or insurance broker and/or insurance agent, spoke with Defendant, **JOSEPH J. CAMISA, JR.** at any time since the moment of the incident complained of, and the dates and time of said conversations, and whether or not said conversation(s) were in person or over the telephone, and who initiated the call or contact, and how this person received notice of the said incident.

30.      True copies of any and all investigative reports pertaining to the subject incident.

31.      Any and all incident and/or accident, and/or injury reports, filed, made or drafted by or on behalf of this Defendant, and/or received by this Defendant, as a result of the (D/A) incident complained of.

32.      Any and all records, reports, and/or other documents upon which this Defendant will rely upon at the time of trial.

## Automobile Negligence Cases

1.      Any and all photographs, and/or videotapes depicting this Defendant's vehicle on and since the incident of July 1, 2019.

2.      Any and all photographs, and/or videotapes depicting any other vehicles involved in the subject collision of July 1, 2019.

3.      Any and all photographs, and/or videotapes depicting damage to any tangible property as a result of the collision of July 1, 2019.

4.      Any and all photographs, videotapes, sketches, drawings, blueprints, and/or diagrams of the subject collision scene.

5.      Any and all photographs, and/or videotapes depicting the Plaintiff's vehicle since the collision of July 1, 2019.

6.     Any and all invoices, estimates and/or repair bills setting forth the damages and repairs to Plaintiff's vehicle as a result of the subject auto accident.

7.     Copy of front and back of this Defendant's Driver's License (if defendant/driver, otherwise get front and back of defendant/driver's license).

8.     Copy of this defendant's automobile insurance policy, as well as any excess insurance policies and umbrella policies, relevant to the subject collision.

9.     Copies of any and all written reports and/or oral reports reduced to writing of the subject incident, made to/by the police department and/or any governmental authority.

10.     Any and all employment contracts and/or commission contracts and/or any other business contracts between this Defendant, and any Co-Defendant, **VIRGINIA TRANSPORTATION**, which existed and/or was in effect at the time of this incident July 1, 2019.

11.     Names and current addresses of all occupants to this Defendant's vehicle at the time of the subject collision.

12.     Name and address of the individual(s) who last inspected this Defendant's vehicle prior to the subject collision, whether by a governmental authority or by an agent, servant and/or employee of this Defendant (e.g., daily inspections prior to operation).

13.     CELL PHONE RECORD PRODUCTION: Defendant is required to produce a true copy of all cell phone calls made and received for the five-hour time period covering before and after the subject incident complained of in the complaint in addition to all records of text messaging received and made during such time period.

14.     Defendants are to produce all records showing the name and address of all cell phone providers as well as the cell phone numbers listed to each defendant covering the date of the incident complained of.

MAGGIANO, DIGIROLAMO & LIZZI P.C.
*Attorneys for Plaintiff(s)*
**AIDEN BAE and YOONHA JUNG**

Dated:  January 29, 2020          BY:

EUNMI HWANG, ESQ.

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-000426-20

**Case Caption:** BAE AIDEN  VS CAMISA, JR. JOSEPH

**Case Initiation Date:** 01/29/2020

**Attorney Name:** EUNMI HWANG

**Firm Name:** MAGGIANO DIGIROLAMO & LIZZI PC

**Address:** 201 COLUMBIA AVE

FORT LEE NJ 07024

**Phone:** 2015859111

**Name of Party:** PLAINTIFF : Bae, Aiden

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 01/29/2020 | /s/ EUNMI HWANG |
| Dated | Signed |