**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIDEN BAE and YOONHA JUNG, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA TRANSPORTATION CORP. and JOSEPH CAMISA, JR., <br><br> Defendants. | Case No. 20–cv–02354–CCC–ESK <br><br><br> OPINION AND ORDER |

**CECCHI, District Judge.**

  **DEFENDANTS**, Virginia Transportation Corp. (VTC) and Joseph Camisa, Jr. (Camisa), removed this case from New Jersey state court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) Plaintiffs now move pursuant to 28 U.S.C. § 1447(c) to remand this case to state court based upon lack of diversity of citizenship. (ECF No. 8 through ECF No. 8–7.) Defendants oppose the motion to remand. (ECF No. 9.) Plaintiffs have replied to defendants' opposition. (ECF No. 11; ECF No. 11–1.) This Court will resolve the motion to remand upon review of the papers and without oral argument. *See* Fed.R.Civ.P. 78(b); *see also* L.Civ.R. 78.1(b). This Court: (a) grants the motion to remand; and (b) remands this case to New Jersey state court. The reasoning for this holding is as follows:

  1. Plaintiffs originally brought this case in the Superior Court of New Jersey in Hudson County. The operative complaint contains allegations of personal injuries arising from a vehicular collision on July 1, 2019 between: (a) a sport utility vehicle driven by plaintiff Aiden Bae; and (b) a tractor-trailer (Tractor-Trailer) driven by Camisa allegedly during the course of his employment with VTC. (ECF No. 1 at ECF pp. 8–15; *see also* ECF No. 8–2 at ECF p. 2 (New Jersey Police crash investigation report (Police Report)).)

2. Plaintiffs allege in the operative complaint that Camisa "so negligently operated his said motor vehicle in that ... [Camisa] negligently failed to observe traffic as he carelessly changed lanes from the middle lane to the left lane violently striking the plaintiff's vehicle, causing [p]laintiff to suffer and sustain the injuries and other damages." (ECF No. 1 at ECF p. 9.)

3. Defendants removed this case to this Court based upon complete diversity, because: (a) both plaintiffs are considered to be citizens of New Jersey pursuant to 28 U.S.C. § 1332(a)(1); and (b) defendant VTC is deemed to be a citizen of Rhode Island pursuant to 28 U.S.C. § 1332(c)(1). (*See* ECF No. 1 at ECF p. 3.) However, defendant Camisa is a New Jersey citizen, as reflected by the Police Report and plaintiffs' affidavit of service of process upon him. (ECF No. 8–2 at ECF p. 2 (Police Report listing Camisa's New Jersey domicile); ECF No. 8–5 at ECF p. 2 (affidavit of service indicating Camisa was personally served at a New Jersey residence that is his domicile).)

4. Defendants argue that plaintiffs fraudulently joined Camisa to this case for the sole purpose of avoiding a removal to federal court by defeating diversity jurisdiction, and that this Court should disregard Camisa's citizenship because VTC is "the actual Defendant sued." (ECF No. 9 at ECF p. 2 (opposition brief); *see also* ECF No. 1 at ECF p. 3 (asserting in the notice of removal the "sole party" that "could be liable is VTC").)

5. To show that plaintiffs fraudulently joined Camisa solely to defeat removal based on diversity jurisdiction, defendants as "the removing part[ies] carr[y] a heavy burden of persuasion." *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851 (3d Cir. 1992) (internal quotation marks and citations omitted). Camisa's joinder is fraudulent only if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[, i.e., Camisa], or no real intention in good faith to prosecute an action against ... [Camisa] or seek a joint judgment." *Id.* (internal quotation marks and citations omitted). In engaging in this analysis, this Court must resolve all contested factual and legal issues in plaintiffs' favor, and then

remand this case "if there is even a possibility that a [New Jersey] state court would find that the complaint states a cause of action against … the resident defendant[]," i.e., Camisa. *Id.* (internal quotation marks and citations omitted).

6. The standard for addressing the issue of fraudulent joinder is not the same as the standard for addressing either dismissal for failure to state a claim or summary judgment. *See In re Briscoe*, 448 F.3d 201, 217–18 (3d Cir. 2006) (holding a district court cannot delve into the merits of a claim in a fraudulent-joinder inquiry); *Batoff*, 977 F.2d at 852 (holding a district court errs in a fraudulent-joinder analysis if it delves into the merits of the claim asserted against the defendant in issue). An inquiry under a motion to dismiss or for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder." *Batoff*, 977 F.2d at 852. As a fraudulent-joinder analysis is not as "penetrating," the rejection of a fraudulent-joinder argument does not guarantee that the claim will withstand a motion to dismiss for failure to state a claim on the merits, a motion for summary judgment, or a trial. *Id.* at 853.

7. There is much more than a mere possibility that a New Jersey state court could find that plaintiffs have asserted a viable negligence claim under New Jersey state law against Camisa, as it is undisputed that Camisa was the driver of the Tractor-Trailer that collided with Bae's vehicle. Furthermore, for plaintiffs to not join Camisa to this case as a defendant could be a tactical error, because in an action to recover damages for injuries caused by negligence:

> it is not unusual for a plaintiff to name the employer that may be liable under respondeat superior and the employee who engaged in the conduct at issue. Indeed, it is proper for the plaintiff to name the employee in order to be afforded protection from the possibilities, among others, that (1) the employer may disavow culpability for the conduct, (2) the employee may not cooperate with discovery or other aspects of litigation if the employee is not named, or (3) the employee may no longer be employed by that employer.

*Acerra v. Whirlpool Corp.*, No. 09–05402, 2010 WL 1265198, at *1 (D.N.J. Mar. 26, 2010); *see also Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 762

(1989) (holding that a defendant employee who performs an allegedly tortious act may still be found to be individually liable, even if that employee was acting on the defendant employer's behalf and realized no personal benefit). Joining Camisa as a defendant is advisable even if the claims asserted against him are not ultimately successful and if VTC is ultimately found to be completely liable. *See Lappe v. Target Corp., No.* 15–00007, 2016 WL 6305949, at *6 (D.N.J. Oct. 27, 2016) (holding if an injury is caused by an employee's negligent conduct during the course of his employment, then a plaintiff may choose to bring an action against the employee and the employer jointly, even if the negligence complained of is the same); *see also Carter v. Reynolds*, 175 N.J. 402, 417 (N.J. 2003) (holding an employer defendant to be vicariously liable for the negligent driving of the employee-driver defendant, but holding such a determination requires "a fact-intensive inquiry").

8. Furthermore, this Court has scoured defendants' brief filed in opposition to the motion to remand (*see* ECF No. 9), and has not found evidence that plaintiffs are proceeding in bad faith against Camisa. In fact, by personally serving Camisa with process (*see* ECF No. 8–5 at ECF p. 2), plaintiffs have demonstrated a good-faith intention to proceed against him. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (holding the claims in an action asserted against "Doe defendants" survived fraudulent-joinder analysis, as plaintiffs were endeavoring to proceed against those defendants and to conduct discovery).

9. The cases cited by defendants are of no moment, as not one holds that the act of joining an allegedly tortious employee and his employer simultaneously as defendants in an action to recover damages for personal injuries is indicative of fraudulent intent to avoid removal to a federal court by a plaintiff. Accordingly,

**IT IS** on this **26th day of October 2020**, **ORDERED** that:

1. Plaintiffs' motion to remand this case to New Jersey state court (**ECF No. 8**) is **GRANTED**.

2. This action is **REMANDED** to the Superior Court of New Jersey, Hudson County, under New Jersey Superior Court Docket No. HUD–L–000426–20.

3. The Clerk of the Court will **CLOSE** this case.

_____
**CLAIRE C. CECCHI, U.S.D.J.**